UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FARON TIMOTHY STRAUSBAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1213** |
| **TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX/SHERIFF'S OFFICE, ET AL.** | **SECTION: "R"(3)** |

## REPORT AND RECOMMENDATION

Defendant April Tomlin has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(B)(6) for failure to state a claim.[1] Plaintiff filed an opposition to the motion.[2] Having considered the memoranda, the record, and the applicable law, it is recommended that the defendant Tomlin's motion be denied without prejudice.

Plaintiff filed this pro se and *in forma pauperis* civil action under 42 U.S.C. § 1983. He named as defendants Terrebonne Parish Criminal Justice Complex/Sheriff's Office, Terrebonne Parish Consolidated Government, Terrebonne Parish Criminal Justice Complex Medical Department, Nurse Tina, Medical Administrator Nurse Tomlin, Rhonda Ledet, S. Bergeron, Captain Martin, and Leland Autemeaux. Plaintiff claims that defendants were deliberately indifferent to his medical needs. He alleges that they ignored his congenital heart defect (Wolff-Parkinson-White syndrome), which caused him to remain untreated and ultimately faint, fall down a flight of stairs, and be hospitalized in April 2024.

---

[1] R. Doc. 45.
[2] R. Doc. 58.

Plaintiff lists April Tomlin, Medical Administrator, as a defendant, R. Doc. 3 at 4, but his complaint does not otherwise mention her. The premise of defendant Tomlin's motion to dismiss is that plaintiff failed to state a claim against her because of the lack of any specific allegations.

In his response to the motion, plaintiff claims that Tomlin "knew about" plaintiff's heart condition, which was documented in his medical records.[3] He also claims that, in April 2024, after he suffered seizures and episodes of severe chest pain, Tomlin and another nurse told him "stop faking they weren't going to let [him] out of jail that it wasn't going to make anyone feel sorry for [him]."[4] He also alleges that Tomlin stated that if "[his] blood pressure was okay then [his] chest and palpitations was being faked."[5] Plaintiff claims that an EKG was never administered and he was not placed on doctor callout.[6] He claims that on April 15, 2024, when he was experiencing chest pains and asked another nurse to check his blood pressure, the nurse refused to do so and he heard Tomlin say, "he's just fak[]ing," to which the other nurse responded, "she knew."[7]

Plaintiff attached to his response various medical documents, to which he asserts Tomlin had access. R. Doc. 58-1 at 1-37. He maintains that those records support his allegations.

---

[3] *Id.* at 7-8.
[4] *Id.* at 2-3.
[5] *Id.* at 3.
[6] *Id.*
[7] *Id.* at 4.

It appears that plaintiff intends for the new factual allegations to cure the deficiencies described in Tomlin's motion to dismiss. Given the substantive changes to plaintiff's claims against defendant Tomlin, it would be more efficient to deny the pending motion to dismiss without prejudice. This would permit Tomlin to re-urge her motion, if she believes it remains meritorious, to specifically address the new allegations raised by plaintiff.

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendant April Tomlin's Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim, R. Doc. 45, be **DENIED WITHOUT PREJUDICE**. Defendant Tomlin should be permitted to submit a new motion to dismiss, if she wishes to do so, to address plaintiff's new allegations.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of January, 2025.

                                                _____
                                                **EVA J. DOSSIER**
                                          **UNITED STATES MAGISTRATE JUDGE**