UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FARON TIMOTHY STRAUSBAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1213** |
| **TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX/SHERIFF'S OFFICE, ET AL.** | **SECTION: "R"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Faron Timothy Strausbaugh, a pretrial detainee, filed this civil action under 42 U.S.C. § 1983 against various defendants. For the following reasons, it is recommended that the Court dismiss the claims against the Terrebonne Parish Criminal Justice Complex, Terrebonne Parish Sheriff's Office, and the Terrebonne Parish Criminal Justice Complex Medical Department.

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Section 1915(e)(2) thus directs, in relevant part, that courts "**shall dismiss** [an *in forma pauperis* plaintiff's] case **at any time**" if the plaintiff's complaint fails to state a claim upon which relief may be granted or is determined to be frivolous. 28 U.S.C. 1915(e)(2) (emphasis added). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). This standard, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490

U.S. 319, 327 (1989).[1] A complaint fails to state a claim upon which relief may be granted when it lacks sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff filed this action under 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Even liberally construed,[2] plaintiff's federal civil rights claims against the Terrebonne Parish Criminal Justice Complex, Terrebonne Parish Sheriff's Office and the Terrebonne Parish Criminal Justice Department Medical Department are frivolous and/or fail to state a claim on which relief may be granted.

---

[1] *Nietzke* discusses a prior version of Section 1915 in which the analogous dismissal provisions were located at 28 U.S.C. § 1915(d).
[2] The Court must liberally construe a pro se civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff's claims against the Terrebonne Parish Criminal Justice Complex fail as a matter of law. "The Terrebonne Parish Criminal Justice Complex simply is not a proper defendant under any circumstances. A jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Coleman v. Terrebonne Par. Criminal Justice Complex*, No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013) (quotation marks and brackets omitted); *accord Authement v. Terrebonne Par. Sheriff's Office*, No. 09-5837, 2009 WL 4782368, at *4 (E.D. La. Dec. 3, 2009); *Bland v. Terrebonne Par. Criminal Justice Complex*, No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009).

And plaintiff's claims against Terrebonne Parish Sheriff's Office similarly fail on the face of the complaint. The Terrebonne Parish Sheriff's Office is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So. 2d 236, 238-39 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the Terrebonne Parish Sheriff's Office is not a juridical person capable of being sued under § 1983. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002) ("[A] sheriff's office

is not a legal entity capable of being sued...."); *Regur v. Lichfield*, 700 F. Supp. 863, 965 (M.D. La. 1988); *see also Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).

Finally, the claims against "Terrebonne Parish Criminal Justice Complex Medical Dept." also fail as a matter of law. Even assuming such an entity exists, "[d]iscrete departments of prison facilities" are "not considered to be 'persons' under § 1983." *Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *2 (E.D. La. Sept. 30, 2021), *adopted*, 2021 WL 4972374 (E.D. La. Oct. 26, 2021); *accord Lerille v. Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *2 (E.D. La. Sept. 30, 2021), *adopted*, 2021 WL 4972369 (E.D. La. Oct. 26, 2021).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Terrebonne Parish Criminal Justice Complex, Terrebonne Parish Sheriff's Office, and the Terrebonne Parish Criminal Justice Department Medical Department be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 10th day of January, 2025.

                                         **EVA J. DOSSIER**
                              **UNITED STATES MAGISTRATE JUDGE**